## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| **INNOVASIS, INC.,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**MICHAEL FRANCIS ENGLISH,** *et al.*,<br>    **Defendant.** | **MEMORANDUM DECISION<br>AND ORDER**<br><br>**Case No. 2:23-CV-00228-DAK**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Defendant Michael Francis English's Motion to Dismiss Plaintiff's First Amended Complaint. The court held a hearing on Tuesday, November 14, 2023. The court took the matter under advisement. After considering the briefs and materials submitted by the parties, the court renders the following Memorandum Decision and Order granting Defendant's Motion to Dismiss.

### BACKGROUND

Innovasis ("Plaintiff") is a medical device company that is "engaged in the research, development, manufacturing, and marketing of spinal implant devices and related products nationwide." Am. Compl. 24 ¶ 9. Innovasis operates in an extremely competitive industry, and its competitors, including Curiteva, would greatly benefit from the disclosure of Innovasis's Confidential and Proprietary Information and Trade Secret Information. Innovasis's Trade Secret Information includes its proprietary research, development, and conceptualization of products and manufacturing processes.

Michael English worked for Innovasis from February 5, 2014, until May 31, 2019. From January 2017 until his resignation, English served as the President of Innovasis. During his

1

employment, English had extensive access to Innovasis's Confidential and Proprietary and Trade Secret Information. As such, during his employment English entered into an Agreement with Innovasis ("Agreement"), in which he agreed to keep this information confidential and not solicit Innovasis employees or customers.

After English concluded his employment with Innovasis, he began working for Curiteva in late 2019. Plaintiff alleges that both English and Curiteva engaged in unlawful acts and misappropriation of Innovasis's Trade Secret Information. After English concluded his employment with Innovasis, Curiteva launched a product that utilized porous spinal implants, which are unique products that Innovasis had been developing and manufacturing throughout the duration of English's tenure as president of the company.

On or about December 20, 2020, Curiteva issued a press release announcing the new product and the technology it involved, which was how Innovasis leaned that Curiteva was using their unique manufacturing process to manufacture its products. Additionally, Plaintiffs allege that on or before October 2019, Defendant and others had worked to form, launch, and hire employees for Curtiva and to otherwise compete with Innovasis. English also has solicited multiple Innovasis employees to leave Innovasis and work for Curiteva during the period of restriction outlined in his Agreement with Innovasis.

During his employment, English also acted unlawfully and breached many duties. English sold non-Innovasis services through the use of Innovasis's resources, and he was providing services for, and selling the services of, the other companies during business hours, using company devices, and while traveling on behalf of and expensing Innovasis. English also charged expenses to Innovasis that were related to his wife's company. He hid these expenses and did not compensate Innovasis. During his tenure as president of Innovasis, English formed

Core Medical LLC. The purpose of this was to claim and/or request false override commissions from Innovasis, which would be deposited into an account for Core Medical and distributed to English and his accomplice.

When English notified Innovasis of his resignation as president, he attempted to negotiate a severance package with the company of about $2,000,000. He indicated that if Innovasis failed to agree to this severance package, he would institute a *qui tam* action against the company. The company refused the severance package, and a whistleblower action was filed against Innovasis in 2019. Innovasis believed English to be the whistleblower because of his previous threat. Innovasis filed this lawsuit on April 10, 2023, shortly after they discovered that English was not the whistleblower.

## STANDARD OF REVIEW

When evaluating a Rule 12(b)(6) motion to dismiss, "the court presumes the truth of all well-pleaded facts in the complaint, but need not consider conclusory allegations." *Margae, Inc. v. Clear Link Tech.*, 620 F.Supp.2d 1284, 1285 (D. Utah 2009). "When there are well-pleaded factual allegations [as opposed to legal conclusions], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court should "construe the facts, and reasonable inferences that might be drawn from them, in favor of the plaintiff." *Padilla v. School Dist. No. 1*, 233 F.3d 1268, 1271 (10th Cir. 2000). Ultimately, the determination of plausibility is a "context-specific task," in which the court relies on its "judicial experience and common sense." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Defendant argues that Plaintiff's claims are time barred, and therefore a dismissal of Plaintiff's claims is warranted.  Specifically, Defendant asserts that the six-month limitation

period contained in the Agreement that both parties signed, applies to both parties. Additionally, state and federal law indicates that the statute of limitations period for Plaintiff's claims has run. The court agrees with both of these arguments and discusses each in turn below.

A.  The Agreement

When Defendant's employment began, Defendant and Plaintiff entered into a contract that imposed a six-month limitations period on all claims or lawsuits relating to Defendant's service with the company:

> **READ CAREFULLY BEFORE SIGNING: Employee agrees that any claim or lawsuit relating to Employee's service with Company must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit. Employee expressly waives any statute of limitations to the contrary.**
> Dkt. 18-1 VI.

A statute of limitations defense "may be appropriately resolved on a [Rule] 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016). The same is true when the defense is based on a contractual limitations provision. *See Applied Predictive Techs., Inc. v. MarketDial, Inc.*, 598 F. Supp. 3d 1264, 1275–76 & n.4 (D. Utah 2022). Thus, the Agreement limited the time in which a suit could be brought to six-months after the date of the employment action that is the subject of the claim or lawsuit.

Plaintiff argues that this provision should not be enforceable in this case because the provision only applies to claims brought by the employee and not the employer. Plaintiff points to the fact that the cited clause states that the "Employee agrees," rather than "The Parties agree." This argument is unpersuasive. The contractual limitations provision is part of a larger jurisdictional clause that clearly states that it applies to both parties. Thus, the provision in the

4

Agreement would apply to both parties here, and neither Innovasis nor English could bring a claim beyond the six-month provision. This lawsuit relates to Defendant's actions during his employment, which ended on May 31, 2019. This action was filed on April 10, 2023, several years after Defendant's employment ended and clearly outside of the allotted six-months. Accordingly, Plaintiff's claims are time barred.

     B.  Statute of Limitations

Plaintiff's claims against Defendant are also time barred by state and federal law. Trade secret claims are subject to three-year statutes of limitations. 18 U.S.C. § 1836(d); Utah Code Ann. § 13-24-7. The limitations period is triggered when the alleged misappropriation "is discovered or by the exercise of reasonable diligence should have been discovered." *Id*. Plaintiff's allegations confirm that it should have discovered the alleged trade secret misappropriation forming the basis of its claims more than three years before it filed this lawsuit. Plaintiff alleges that "[i]mmediately prior to his resignation . . . on May 31, 2019 . . . Mr. English had his assistant get him a number of Innovasis documents and [he] personally copied a number of . . . documents [that] contained Innovasis's Confidential, Proprietary, and Trade Secret Information, which Mr. English took with him after his resignation from the company." Am. Compl. ¶¶ 44, 50. Plaintiff's allegations leave no doubt that it had reason to investigate Defendant upon his departure in May 2019. Plaintiff, however, did not file a lawsuit until April 2023. It is, therefore, clear that the trade secret misappropriation claims are time barred.

Similarly, the fraud, conspiracy, and conversion claims are time barred. The statute of limitations for these fraud and conspiracy "begins to run from the time [plaintiff] knows, or by reasonable diligence and inquiry should know, the relevant facts of the fraud perpetrated against him." *Baldwin v. Burton*, 850 P.2d 1188, 1196 (Utah 1993). A party who "has opportunity of

knowing the facts constituting the alleged fraud cannot be inactive and afterwards allege a want of knowledge that arose by reason of his own laches and negligence." *Id*. The statute of limitations for conversion begins to run from the conversion, not from the time when knowledge of it first came to the plaintiff, unless there is fraud or concealment by the defendant. *Dee v. Hyland*, 3 P. 388,389-90 (Utah 1883). Here, Plaintiff had the means and opportunity to discover the facts constituting the alleged fraud around the time when English resigned in May 2019, so the fraud, conspiracy, and conversion claims are time barred.

Plaintiff argues that, if their claims are time barred, equitable discovery rule and equitable estoppel apply. The court disagrees. The equitable discovery rule applies only when "there is no applicable statutory discovery rule." Johnson v. Henry Vogt Mach. Co., 544 F. Supp. 2d 1276, 1282 (D. Utah 2008). So, the rule cannot apply to Innovasis's trade secret, fraud, conspiracy, and conversion claims because there is a statutory discovery rule for each of those claims. Equitable estoppel also does not apply here despite Plaintiff's mistaken belief that retaliation claims could be brought by former employees under the False Claims Act. This "misunderstanding of the law" cannot equitably toll the statute of limitations. *Barnes v. United States*, 776 F.3d 1134, 1150-51 (10th Cir. 2015). Thus, the equitable discovery rule and equitable estoppel do not apply here, and the claims are time barred.

## CONCLUSION

Plaintiff's claims are barred by the contractual limitations provision in the Agreement and the applicable statutes of limitations. Thus, Defendant's Motion to Dismiss is GRANTED.

DATED this 13th day of December 2023.

BY THE COURT:

DALE A. KIMBALL
United States District Judge