THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| INNOVASIS, INC., a Utah corporation,<br><br>Plaintiff,<br>v.<br><br>MICHAEL FRANCIS ENGLISH, an individual, and CURITEVA, INC., a Colorado corporation,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-228<br><br>District Judge Ann Marie McIff Allen<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on related motions. Plaintiff Innovasis, Inc., moves for a stay of the deposition of Brent Felix and a protective order concerning the questions that will be asked at the deposition.[1] Defendant Curiteva, Inc. seeks to compel the deposition of Mr. Felix.[2] Curiteva moved to dismiss Innovasis's lawsuit for lack of personal jurisdiction. Innovasis submitted a declaration from Mr. Felix seeking to establish links between Curiteva and Utah that establishes jurisdiction. The court denied the motion to dismiss without prejudice subject to jurisdictional discovery.[3] As set forth herein the court denies Plaintiff's motion and grants Defendant's motion.[4]

---

[1] ECF No. 48.

[2] ECF No. 52.

[3] ECF No. 36.

[4] This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) from Judge Allen.

## BACKGROUND

Innovasis is a medical device company that is "engaged in the research, development, manufacturing, and marketing of spinal implant devices and related products nationwide."[5] The medical device market is extremely competitive and one of Plaintiff's competitors is Curiteva. Defendant Michael English worked for Innovasis from February 2014 until May 2019, and after concluding his employment, he began working for Curiteva in late 2019. From January 2017 until his resignation, Mr. English served as President of Innovasis. As such, Innovasis claims he had access to confidential, proprietary, and trade secret information. The court dismissed Mr. English from this action in December 2023.[6] Curiteva remains as a Defendant and the instant dispute centers on jurisdictional discovery.

## DISCUSSION

Innovasis requests a stay of the deposition of Brent Felix and a protective order to withdraw or limit topics attached to its motion. These topics include, *inter alia*, Innovasis's contention that Curiteva is subject to specific and general personal jurisdiction in Utah, Innovasis's argument that Curiteva has solicited customers, manufacturers, or distributors, and that Curiteva has solicited Innovasis employees. Innovasis further argues that Curiteva has withheld documents that are "directly relevant to establishing … jurisdiction", necessary to prepare Mr. Felix for the deposition, and should not be withheld based on claims of confidential/proprietary information because there is a protective order in this case.[7]

In response, Curiteva claims it already withdrew certain topics explaining they were attached in error. In addition, Innovasis cannot postpone the deposition because Defendant has

---

[5] Am. Compl. 24 ¶ 9.
[6] ECF No. 38.
[7] Mtn. p. 2, ECF No. 48.

allegedly withheld documents and information as that argument has been rejected by federal courts. The deposition of Mr. Felix will concern his personal knowledge and the production of documents "has nothing to do with that."[8]

The court agrees with Curiteva that Mr. Felix's deposition should move forward. Innovasis submitted a declaration from Mr. Felix in support of jurisdiction, so his knowledge and assertions are at issue in that determination. Further, this court has already rejected Innovasis's argument that the deposition cannot move forward because Curiteva has withheld documents and information.[9] Many of the topics that Innovasis objects to were withdrawn by Curiteva, and other topics, such as the basis for Innovasis' assertions of jurisdiction, would be relevant. The court therefore will deny Innovasis's motion.

Curiteva's Motion to Compel Mr. Felix's deposition, and Innovasis's opposition thereto, are basically mirror images of arguments made in Innovasis's motion for a protective order and stay for Mr. Felix's deposition. The cases relied on by Innovasis do not warrant a different result than allowing Mr. Felix's deposition to proceed. As noted by Curiteva, the deposition of Mr. Felix concerns his personal knowledge, which is different than the facts in *Merrill v. Scottsdale Ins. Co.*,[10] where documents were sought from nonparties prior to a deposition, and the court found that all the parties should have those nonparty documents prior to the deposition. Nor has Innovasis shown that documents are needed from Curiteva for Mr. Felix to prepare for a

---

[8] *Id.* p. 3.

[9] *Martin v. SGT, Inc.*, No. 2:19-CV-00289-RJS, 2023 WL 3585326, at *12 (D. Utah May 22, 2023) (noting a parties' independent duty to produce unprivileged materials whether or not the other party did the same); *see also Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 308 (D. Kan. 1996) ("A party may not withhold discovery solely because it has not obtained to its satisfaction other discovery."); *Alifax Holding Spa v. Alcor Sci., Inc.*, No. 14-440 WES, 2019 WL 181310, at *2, 2019 U.S. Dist. LEXIS 5823, at *5-6 (D.R.I. Jan. 11, 2019) ("Each party has an independent obligation to produce relevant, discoverable information. [One party's] obligations are not contingent on [the other's] performance." (collecting cases)).

[10] 2021 U.S. Dist. LEXIS 133346, at *7 (D. Utah Mar. 1, 2021).

deposition based on his own declaration unlike the concern expressed in *United Auto. Ins. V. Stucki & Rencerh, LLC*.[11] Accordingly, the court will grant Curiteva's Motion to Compel Deposition.

## ORDER

For the reasons set forth above, Innovasis's Motion is DENIED and Curiteva's Motion is GRANTED. No party is awarded attorney's fees or costs as the court finds the are not warranted on the facts before it.

DATED this 12 July 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[11] 2017 U.S. Dist. LEXIS 163610, at *3 (D. Utah Oct. 2, 2017). The other cases cited to by Innovasis are unpersuasive here as they do not concern jurisdictional discovery and are much later in the case. For example, in *King v. Cellco P'ship*, 2023 U.S. Dist. LEXIS 25822 (D. Utah Feb. 14, 2023), the court reopened discovery after it had been closed to permit a deposition of a Rule 30(b)(6) representative. That deposition was not concerned with jurisdiction nor was it early in the case like the one sought here..