THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| INNOVASIS, INC., a Utah corporation,<br><br>Plaintiff,<br>v.<br><br>MICHAEL FRANCIS ENGLISH, an individual, and CURITEVA, INC., a Colorado corporation,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-228<br><br>District Judge Ann Marie McIff Allen<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiff Innovasis, Inc., moves the court in two motions to compel discovery. Innovasis seeks an order requiring Defendant Curiteva, Inc. to produce information responsive to Innovasis's Requests for Production[1] and an order requiring Curiteva to respond fully to interrogatories.[2] As set forth herein, the court grants in part the motions.

## BACKGROUND

Innovasis is a medical device company that is "engaged in the research, development, manufacturing, and marketing of spinal implant devices and related products nationwide."[3] The medical device market is extremely competitive and one of Plaintiff's competitors is Curiteva. Defendant Michael English worked for Innovasis from February 2014 until May 2019, and after concluding his employment, he began working for Curiteva in late 2019. Innovasis claims Mr. English had access to confidential, proprietary, and trade secret information. The court dismissed

---

[1] ECF No. 45.

[2] ECF No. 46.

[3] Am. Compl. 24 ¶ 9.

Mr. English from this action in December 2023.[4] Curiteva remains as a Defendant and the

instant dispute centers on discovery.

## DISCUSSION

The parties' dispute is governed by Federal Rule of Civil Procedure 26 which provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant
> to any party's claim or defense and proportional to the needs of the case,
> considering the importance of the issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving the issues, and whether the
> burden or expense of the proposed discovery outweighs its likely benefit.
> Information within this scope of discovery need not be admissible in evidence to
> be discoverable.[5]

Curiteva argues this court does not have personal jurisdiction over it. The court denied

Curiteva's Motion to Dismiss without prejudice allowing it to refile once jurisdictional discovery

is completed.[6] Thus, the focus here is on jurisdictional discovery. Such jurisdictional discovery

must be relevant and proportional to the needs of this case. In addition, although the scope of

discovery is broad, "the court is not required to permit a party to 'engage in a "fishing

expedition" in the hope of supporting [their] claim.'"[7]

Before turning to the individual requests, the court notes that "[f]ederal jurisdiction is

determined based on the facts as they existed at the time the complaint was filed."[8] In its general

---

[4] ECF No. 38.

[5] Fed. R. Civ. P. 26.

[6] Order dated November 7, 2023, ECF No. 36.

[7] *Aggregate Inudstries SWR, Inc. v. Iron Mountain Assocs., LLC*, No. 2:18-CV-388, 2019 WL 10852782, at *1 (D. Utah Apr. 22, 2019) (quoting McGee v. Hayes, 43 Fed. Appx. 214, 217 (10th Cir. 2002)).

[8] *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223, 2011 WL 2656044 (10th Cir. 2011) (citing *Smith v. Sperling*, 354 U.S. 91, 93 n. 1, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957)); *see also Capitol Fed. Sav. Bank v. E. Bank Corp*., 493 F. Supp. 2d 1150, 1159, 2007 WL 1885134 (D. Kan. 2007) (noting that when examining "the quality and nature of … contacts with the forum, the court must examine the circumstances as they existed at the time this lawsuit was filed, not later"); *Cameron v. Group Voyagers, Inc.*, 308 F.Supp.2d 1232, 1240 (D.Colo.2004) (post-suit contacts could not be used as basis for exercising general personal jurisdiction over

objections, Curiteva objects to any requests that seek information about events occurring after

Innovasis filed its lawsuit on April 10, 2023. The court agrees with this objection as to

jurisdictional discovery. Once jurisdictional discovery is completed, and if a motion to dismiss is

not granted, then additional discovery after the complaint was filed may be sought. Innovasis's

motion is denied as to discovery sought after the filing date of its lawsuit. This objection,

regarding discovery after April 10, 2023, is not a flawed "general objection" as Innovasis argues.

It is sufficiently specific under the Rules and is not a "boilerplate objection."

## I.   Requests for Production

Innovasis seeks all information responsive to its requests for production (RFP). Curiteva

argues the information sought is irrelevant because (1) Curiteva's relationships with these

customers began long before any alleged misappropriation occurred and it has not materially

changed since the alleged misappropriation; and (2) the requests seek "voluminous discovery of

proprietary information concerning an aspect of Curiteva's business … that Innovasis simply

does not do."[9]

Plaintiff first points to RFP 4, 6-8, 11, 17 and 20 seeking further responses.

RFP 4 requests:

> All communications since January 1, 2019 between you and any person located,
> residing, domiciled, headquartered, operating, or otherwise present in Utah for
> which you have provided manufacturing services, including without limitation all
> communications with Ortho Development and Reliance Medical Systems, LLC.[10]

Curiteva's response focuses on the date manufacturing services began for Ortho Development

and Reliance, and the fact that those services began before Mr. English became employed by

---

nonresident defendant in diversity case); *Fairbrother v. American Monument Foundation, LLC*, 340 F.Supp.2d
1147, 1157 n. 3 (D.Colo.2004) (noting that only prelitigation contacts are relevant to jurisdictional question).

[9] Op. p. 1-2, ECF No. 56.

[10] ECF No. 45-1 p. 7.

Curiteva. Curiteva notes it has "has produced documents sufficient to show all contract manufacturing services performed for—and thus all business Curiteva has conducted with—Reliance and Ortho Development through December 21, 2023."[11]

The court finds this response sufficient as to Ortho Development and Reliance Medical Systems. What remains, is whether Curiteva was providing any manufacturing services for other companies located in Utah. Curiteva is to respond to that question within thirty days from the date of this order and provide any communications related to those services from January 1, 2019 through April 10, 2023, when this suit was filed.

> RFP 6, 7 and 8 state:
>
> REQUEST FOR PRODUCTION NO. 6: All final, draft, or proposed contracts, purchase orders, or other agreements of any kind with, from, or sent to any person employed, located, residing, domiciled, headquartered, operating, or otherwise present in Utah since January 1, 2019.
>
> REQUEST FOR PRODUCTION NO. 7: All invoices relating to services performed in Utah since January 1, 2019.
>
> REQUEST FOR PRODUCTION NO. 8: All invoices and/or shipping documentation relating to products sent to any address in Utah since January 1, 2019.[12]

The response to these RFPs is very similar with Curiteva responding that it has produced documents sufficient to show all contract manufacturing services performed for Reliance and Ortho Development. Curiteva also responds that it "has produced a summary of all invoices concerning services performed for customers in Utah at any time"[13] and a "summary of all invoices concerning products sent to Utah customers through December 21, 2023."[14]

---

[11] *Id.* p. 7.

[12] *Id.* p. 7-10.

[13] *Id.* p. 9.

[14] *Id.* p. 11.

The court finds these responses sufficient, and it will not order any further production.

RFP 11 involves the parties appropriately working with each other during the discovery process. The request was revised after an initial request and answer. The revised request seeks: "All communications since June 1, 2019 to April 10, 2023, to, from, or copying English relating to the use of Innovasis's manufacturing process for a porous PEEK spinal implant product to modify any product, or the manufacturing process of any product, that would be sold, used, or marketed in Utah."[15] In response, Curiteva provides:

> Innovasis conducted no manufacturing operations—CNC operations, contract manufacturing, 3D printing, or otherwise—while English was employed by Innovasis. Indeed, upon information and belief, third party companies manufacture Innovasis's porous PEEK implants using processes that are not proprietary to Innovasis. It is thus inconceivable that Curiteva could have misappropriated any purported trade secrets relating to "Innovasis's manufacturing process." Subject to and without waiving these objections, and without waiving its General Objections, Curiteva states that it does not have any documents responsive to this request.[16]

Setting aside Curiteva's objections about manufacturing, Curiteva responded that it does not have any responsive documents. The court presumes the good faith of all parties and there is nothing before the court indicating Curiteva is misleading when it states it does not have any responsive documents. Thus, there is nothing more for the court to order here.

RFP 17 requests "All documents, communications, and things relating to any business you have transacted in Utah since January 1, 2019 with any person employed, located, residing, domiciled, headquartered, operating, or otherwise present in Utah."[17] Curiteva's response focuses on the manufacturing processes of Innovasis noting once again that it did not engage in manufacturing while Mr. English was employed by Innovasis. Thus, Curiteva's communications

---

[15] *Id.* p. 14.

[16] *Id.*

[17] *Id.* p. 18.

and documents with Ortho Development and Reliance "have no relevance to jurisdiction." Curiteva also objects claiming the request seeks its customers' "proprietary and confidential manufacturing information, as well as confidential information concerning Curiteva's business relationships with third parties, without adequate justification."[18]

There is a protective order in this case that protects proprietary and confidential information. Thus, objecting to providing information on this basis is insufficient. Moreover, communications and documents with any business in Utah goes directly to the heart of jurisdictional discovery. Therefore, the court ORDERS Curiteva to update its response. Curiteva does reference certain documents, but if there are additional responsive discovery materials they are to be provided within 30 days from the date of this order.

Request 20 seeks "All documents, communications, and things relating to the process by which you manufacture Ortho Development's products, including without limitation the role Ortho Development plays in directing the manufacturing."[19] Curiteva responds it "has produced documents sufficient to show all contract manufacturing services performed for—and thus all business Curiteva has conducted with—Reliance and Ortho Development through December 21, 2023."[20] The court finds this response sufficient.

A. General Objections

Innovasis argues that Curiteva's objections to RFP Nos. 1, 3-4, 6-8, 10-12, and 17-20 fail to meet the specify required by noting they are "subject to and without waiving" certain objections. While instructive, Innovasis's reliance on *Smash Tech, LLC v. Smash Solutions,*

---

[18] *Id.* p. 19.

[19] *Id.*p. 20.

[20] *Id.* p. 21.

*LLC*,[21]  is not directly on point here because as noted above, Curiteva's general objection

regarding discovery concerning events after this lawsuit was filed is upheld due to the focus on

jurisdictional discovery at this time. In addition, although Curiteva does make general objections,

which are akin to those in *Smash Tech* and not super helpful, there are also other more specific

objections, such as Innovasis's lack of involvement in producing certain medical products. Thus,

the court is not persuaded by Innovasis's argument concerning general objections.

      Turning specifically to more of Innovasis's requests, the court finds that Curiteva's

response to RFPs 1, 3, 18, and 19, point to specific documents that have been produced and not

just general objections. While the court does not have the benefit of reviewing these specific

documents, such a response by Curiteva appears to be compliant with its obligation under the

Rules, so the court will not order further production.

      Thus, Innovasis's motion is granted in part as outlined above.

## II.    Responses to Interrogatories

      Innovasis seeks further answers to many of its Interrogatories disputing Curiteva's

objections based on relevance, "sufficient to show", Curiteva's declining production due to

confidential and proprietary information, and opposing general objections that allegedly violate

*Smash Tech, LLC*[22] and the Federal Rules. The analysis here is similar to that set forth

previously. For example, Curiteva objects to the any Interrogatories "that seek information about

events occurring after Innovasis filed its lawsuit on April 10, 2023."[23] The court sustains that

objection. The objections here are also not as nebulous and unhelpful as those in *Smash Tech*,

which undermines its direct applicability to the present circumstances. Admittedly, Curiteva does

---

[21] 335 F.R.D. 438 (D. Utah 2020).

[22] *Id.*

[23] ECF No. 46-1 p. 2.

use some broad general objections, but those are not the only objections it relies upon. Setting *Smash Tech* aside, the court turns to consider the Interrogatories.

Interrogatory number 1 states:

Identify all persons employed, located, residing, domiciled, headquartered, operating, or otherwise present in Utah with whom you have discussed the actual or potential purchase, sale, sampling, testing, manufacture, promotion, marketing, distribution, or other use or handling of any kind of spinal implant products since January 1, 2019, and describe in detail all communications you have had with those persons, including without limitation any such communications with Kade Huntsman, Jacob Sikora, and Radd Barrett.[24]

Innovasis argues Curiteva fails to adequately answer this Interrogatory because "sufficient to show" is not permissible as a producing party doesn't get to determine what information is sufficient, it ignores the Standard Protective Order that is in place, and the boilerplate objection is insufficient and does not meet the specificity requirements of the Federal Rules. A close review of Curiteva's response undermines Innovasis's arguments. Curiteva states it has produced "documents sufficient to show all business Curiteva has conducted with Ortho Development and Reliance at any time."[25] The use of "sufficient to show" is not set forth a vacuum and it relies on documents produced. Curiteva also provides information about Kade Huntsman, and Radd Berrett having dinner with English and Mohlman at a restaurant in Cottonwood Heights, Utah. Further, Curiteva responds that none of its employees contacted Sikora after he "apparently moved his practice to Utah."[26] The court finds the answer sufficient.

Interrogatories 4, 6, 8, and 16 are as follows:

INTERROGATORY NO. 4: Identify all persons employed, located, residing, domiciled, headquartered, operating, or otherwise present in Utah to which you

---

[24] *Id.* p. 3.

[25] *Id.* p. 5.

[26] *Id.* p. 6.

have provided products or services of any kind since January 1, 2019 and describe in detail the nature and frequency of the products or services provided.[27]

INTERROGATORY NO. 6: Identify and describe in detail any changes, revisions, modifications, or alterations to your manufacturing process of products for any entity, including without limitation Ortho Development, since January 1, 2019.[28]

INTERROGATORY NO. 8: Identify and describe in detail any communications with Ortho Development since June 1, 2019 regarding the manufacturing services provided to them, including without limitation any discussions regarding any changes, revisions, modifications, or alterations to the manufacturing of, or corporate strategy relating to, Ortho Development products manufactured by Curiteva.[29]

INTERROGATORY NO. 16: Describe in detail the process by which you manufacture Ortho Development's products, including without limitation the role Ortho Development plays in directing the manufacturing.[30]

Innovasis argues Curiteva's responses to these Interrogatories fail in the same manner as its response to Interrogatory Number 1.

In response to Interrogatory 4 Curiteva notes that it provided contract manufacturing to Reliance in 2019 and Ortho Development in 2015. Curiteva also states it has provided document to "show all contract manufacturing services performed for—and thus all business Curiteva has conducted with—Reliance and Ortho Development at any time."[31] Curiteva describes these documents as having a description of the products delivered, the date of shipment, and quantity shipped. In its first amended response, Curiteva points to specific agreements with Ortho Development and Reliance that it produced.

---

[27] *Id.* p. 10.

[28] *Id.* p. 12.

[29] *Id.* p. 15.

[30] *Id.* p. 22.

[31] *Id.* 10.

The court finds Curiteva's response nearly complete. Curiteva's response focuses on Reliance and Ortho Development, however, in the response there is nothing concerning the identity or names of the persons sought in the Interrogatory. Curiteva is to update its response with the identity of "all persons" not just listing Reliance and Ortho Development. Perhaps some of this information is found in the agreements that have been provided, however, Curiteva should still identify the identity of "all persons" as sought in the Interrogatory.

Interrogatory Number 6 seeks "any changes, revisions, modifications, or alternations" to the manufacturing process. The court questions the relevance of this interrogatory to the question of jurisdiction. Setting that concern aside, Curiteva's response is sufficient.

In similar fashion, Interrogatory Number 8 seeks "any communications with Ortho Development since June 1, 2019" concerning the manufacturing services and any "changes, revisions, modifications, or alterations" to that process. The court again questions the relevance of this interrogatory to a jurisdictional determination. Communications directed at Utah, or somehow tied to Utah, may serve some benefit to that determination. Yet, specific details regarding changes, revisions, modifications, or alterations to manufacturing is more directed to discovery following the resolution of the jurisdictional dispute. The court finds Curiteva's response sufficient for now.

Interrogatory Number 16 seeks a description "in detail" of the process by which Curiteva manufactures Ortho Development's products, including Ortho's involvement in that manufacturing. The court finds this Interrogatory lacking a jurisdictional discovery focus and thus deems Curiteva's response sufficient at this time.

The last group of Interrogatory responses Innovasis attacks are Nos 2-3, 10, and 14-15, arguing Curiteva's "subject to and without waiving" certain objections is insufficient to meet the specificity requirements of the Federal Rules. The court finds the responses here by Curiteva sufficient. Yes, Curiteva makes general objections, but Curiteva also lists names of individuals in its response to Numbers 2 and 3. Interrogatory Number 10 focuses on communications relating to "Innovasis's porous PEEK spinal implant patent", which is a question for discovery after a determination of jurisdiction, unless the communications were targeted to Utah. To the extent that there were communications directed to Utah, Curiteva should provide that information. Finally, Curiteva's responses to 14 and 15 sufficiently identify individuals surrounding the marketing and use of the porous PEEK product toward Utah. The responses are sufficient.

## ORDER

Based on the foregoing, Innovasis's motions to compel discovery are GRANTED in PART. Curiteva is to provide the additional ordered discovery within thirty (30) days from the date of this order.

IT IS SO ORDERED.


DATED this 29 July 2024.


_____
Dustin B. Pead
United States Magistrate Judge