THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| INNOVASIS, INC., a Utah corporation,<br><br>                    Plaintiff,<br>v.<br><br>MICHAEL FRANCIS ENGLISH, an individual, and CURITEVA, INC., a Colorado corporation,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-228<br><br>District Judge Ann Marie McIff Allen<br><br>Chief Magistrate Judge Dustin B. Pead |

The parties in this case have filed related motions concerning a 30(b)(6) deposition. Defendant Curiteva, Inc., moves to compel the deposition of Innovasis and an award of expenses.[1] Plaintiff Innovasis, Inc. seeks a stay of the deposition and a protective order requiring Curiteva to withdraw or limit the topics identified in the 30(b)(6) notice.[2] As set forth herein the 30(b)(6) deposition is to move forward once the discovery supplements take place that are set forth in the court's order regarding Innovasis's discovery motions.

## BACKGROUND

Innovasis is a medical device company that is "engaged in the research, development, manufacturing, and marketing of spinal implant devices and related products nationwide."[3] The medical device market is extremely competitive and Curiteva is one of Plaintiff's competitors. Former Defendant Michael English worked for Innovasis from February 2014 until May 2019, and after concluding his employment, he began working for Curiteva in late 2019. Mr. English

---

[1] ECF No. 54.

[2] ECF No. 47.

[3] Am. Compl. 24 ¶ 9.

served as President of Innovasis for a time and was dismissed from this action in December 2023.[4]

## LEGAL STANDARDS

A "person may seek a protective order by a showing of 'good cause' pursuant to Fed. R. Civ. P. 26(c)."[5] "The party moving to stop a deposition bears the burden of establishing good cause for the protective order."[6] Good cause is "not satisfied by conclusory statements. Rather, the party seeking a protective order must show that disclosure will result in a clearly defined and serious injury to that moving party."[7] "'When evaluating whether a movant has satisfied his burden of establishing 'good cause', a court should balance the non[ ]moving party's interest in completing the deposition and preparing for trial against the proffer of harm that would result from the deposition.'"[8] "[C]ourts regard the complete prohibition of a deposition as an extraordinary measure which should be resorted to only in rare occasions."[9]

Rule 30(b)(6) provides that a deposition notice "must describe with reasonable particularity the matters for examination," and "[b]efore or promptly after the notice ... is served, the serving party and the organization must confer in good faith about the matters for examination."[10]

---

[4] ECF No. 38.

[5] *Denson v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, No. 2:18-CV-00284, 2018 WL 10247390, at *1 (D. Utah Dec. 4, 2018) (unpublished); *see also* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.")

[6] *Id.* 2018 WL 10247390, at *1.

[7] *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 524, 2003 WL 22077779 (D. Colo. 2003).

[8] *Rains v. Westminster Coll.*, No. 2:20-CV-00520, 2023 WL 2504729, at *3 (D. Utah Mar. 14, 2023) (quoting *Denson*, 2018 WL 10247390, at *1).

[9] *Resource Associates Grant Writing and Evaluation Services, LLC v. Maberry*, 2009 WL 1312951, at *4 (D. New Mexico) (Feb. 9, 2009) (unpublished)

[10] Fed. R. Civ. P. 30(b)(6).

Further, Fed. R. Civ. P. 26(b)(1) provides that discovery must be

relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[11]

Discoverable information need not be admissible at trial.[12]

## DISCUSSION

Rule 30(b)(6) of the Federal Rules of Civil Procedure requires a corporation or other entity being deposed to designate persons to testify on its behalf "about information known or reasonably available to the organization."[13] Entities must "'make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter.'"[14] "'If it becomes obvious during the course of a deposition that the designee is deficient, the [organization] is obligated to provide a substitute.'"[15]

Innovasis opposes the 30(b)(6) deposition notice on multiple grounds: (1) Curiteva has withheld documents that are "directly relevant to establishing whether this Court has jurisdiction over Curiteva" and the documents are "necessary to prepare witnesses for the deposition."[16] (2) topics for a 30(b)(6) deposition must be "painstakingly specific as to what information is sought"[17], which the topics here are not. And (3) the topics here are unduly burdensome and

---

[11] Fed. R. Civ. P. 26(b)(1).

[12] *See id.*

[13] Fed. R. Civ. P. 30(b)(6).

[14] *Eagle View Techs. Inc. v. GAF Materials LLC*, No. 2:22-CV-00215, 2024 WL 406954, at *1 (D. Utah Feb. 2, 2024) (quoting *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999)).

[15] *Id.* (quoting *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. at 639).

[16] Mtn. p. 2, ECF No. 47.

[17] *Id.*

implicate attorney-client privilege, so they must be narrowed or withdrawn. Specifically, Innovasis asserts Topics 1-14 "improperly use the 30(b)(6) process to uncover Innovasis' contentions or legal theories."[18] The term "things" in Topics 1-14 is "overbroad, unduly burdensome, vague, and undefined." Finally, Topics 15 and 16 are also unduly burdensome and implicate the attorney-client privilege because they require a witness to "speak regarding all documents produced and all responses to Curiteva's discovery."[19]

### A. The Topics

The Topics parallel Innovasis's contentions. For example, Topics 1-5 state:

1. Innovasis's contention that Curiteva is subject to specific personal jurisdiction in Utah in this case, including all factual bases, evidence, persons with knowledge, documents, communications, and things supporting this contention.
2. Innovasis's contention that Curiteva is subject to general personal jurisdiction in Utah, including all factual bases, evidence, persons with knowledge, documents, communications, and things supporting this contention.
3. Innovasis's contention that Curiteva has solicited customers of Innovasis's in Utah, including all factual bases, evidence, persons with knowledge, documents, communications, and things supporting this contention.
4. Innovasis's contention that Curiteva has solicited customers, manufacturers, distributors, or any other person or entity in Utah, including all factual bases, evidence, persons with knowledge, documents, communications, and things supporting this contention.
5. Innovasis's contention that Curiteva has solicited Innovasis employees, including all factual bases, evidence, persons with knowledge, documents, communications, and things supporting this contention.[20]

Topics 6-14 are very similar referring to "Innovasis's contention" regarding *inter alia*, soliciting investors, that Curiteva competes with Innovasis, continues to transact business in Utah, or implemented Innovasis's manufacturing processes. Topics 1-14 all contain the ending phrase "and things supporting this contention" that Innovasis takes issue with.

---

[18] Mtn. p. 2, ECF No. 47.

[19] *Id.*

[20] Mtn. Ex. A. ECF 47-1 p. 5.

The court agrees that the use of the phrase "and things supporting this contention" is overly broad and may include items irrelevant to the courts assessment of jurisdiction. The court narrows the request for "things" to other relevant evidence within the applicable time frame of this case. That time frame should consist of approximately a year before Michael English began working for Curiteva to the present time. Counsel for Curiteva is instructed to redraft Topics 1-14 with this additional focus.

Topics 15 and 16 seek:

15. All documents produced by Innovasis in response to Curiteva's jurisdictional discovery requests.
16. All responses by Innovasis to Curiteva's jurisdictional discovery requests.[21]

Innovasis expresses concern that these Topics are unduly burdensome and implicate the attorney-client privilege. The court agrees that they could potentially implicate the attorney-client privilege. For example, if counsel asks questions about why certain documents in the "all documents" category were produced, but not others, and follows up with questions regarding the contents of documents not produced. The court is also somewhat concerned about the breadth of the potential questions regarding "all responses" and "all documents." The 30(b)(6) witness may be required to speak generally that documents and responses were provided, but specifics regarding why certain documents were not provided must be avoided. Counsel for both parties are ordered to utilize their best efforts in avoiding disputes surrounding the information elicited from these Topics. The court will permit the Topics but expects counsel for Curiteva to be respectful in not seeking to elicit testimony that implicates the attorney-client privilege. Innovasis "may raise privilege objections, but such objections must relate to 'a privileged

---

[21] Mtn. Ex. A. ECF 47-1 p. 8.

communication,'—a communication that is provided to an attorney for the purpose of securing primarily legal opinion, or legal services, or assistance in legal proceeding."[22]

### B. Reasonable Particularity

Rule 30(b)(6) provides that a deposition notice "must describe with reasonable particularity the matters for examination."[23] Some courts require the standard of reasonable particularity to be met by requiring a deposition notice to identify topics with "painstakingly specificity."[24] This is the standard Innovasis argues is appropriate.[25] In contrast, other courts reject that construction and require the standard as "whether [a noticed topic] places the [deponent] upon reasonable notice of what is called for and what is not."[26] Although the Tenth Circuit has not specifically adopted one approach, it has noted what "reasonable particularity" requires in the context of Rule 34. What qualifies as reasonably particular depends at least in part on the circumstances of each case. A discovery request "should be sufficiently definite and limited in scope that it can be said to apprise a person of ordinary intelligence" of the request. Given the circumstances here, the Tenth Circuit's guidance as to the meaning of "reasonable particularity", and the plain language of Rule 30(b)(6), the court declines to adopt a "painstakingly specificity" requirement. The "reasonable notice" approach is more fitting here.[27]

---

[22] *Lifetime Prod., Inc. v. Russell Brands, LLC*, No. 1:12-CV-00026-DN-EJF, 2016 WL 6652761, at *6 (D. Utah June 3, 2016) (quoting *In re Spalding Sports Worldwide, Inc.* 203 F.3d 800, 805, 53 U.S.P.Q.2d 1747 (Fed. Cir. 2000) (internal quotations and citation omitted).

[23] Fed. R. Civ. P. 30(b)(6).

[24] *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 121 (E.D. Mich. 2019).

[25] *See Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1057 n.5 (7th Cir. 2000) (citing *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D.Minn.2000) for the proposition that the "requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.")).

[26] *City of Las Cruces*, 2022 WL 704123, at *4 (alterations in original) (citation and internal quotation marks omitted) (compiling cases).

[27] *See Rains v. Westminster College*, No. 2:20-CV-00520, 2023 WL 2504729, at *4 (D. Utah Mar. 14, 2023) (adopting a "reasonable notice" approach).

With the additional specificity as outlined by the court, previously, the court finds the Topics provide "reasonable notice" of the requested testimony.

### C. The alleged improper use of the 30(b)(6) process

Innovasis argues Topics 1-14 "improperly use the 30(b)(6) process to uncover Innovasis' contentions or legal theories."[28] In response, Curiteva asserts courts in this circuit have rejected Innovasis's contention.

In similar fashion to courts applying different approaches to the reasonable particular standard, courts are divided as to whether to allow parties to use 30(b)(6) depositions to explore facts underlying legal claims and theories.[29] Those courts tending to preclude such lines of questioning reason it "is improper in this case to question a lay Rule 30(b)(6) designee regarding a party's legal contentions"[30] since they come too close to seeking attorney impressions, opinions, or otherwise protected information.[31] Other courts, however, reason that a party can inquire a 30(b)(6) designee regarding the factual bases of a party's claims and defenses.[32] Courts often allow such deposition topics as long as they are limited to seeking facts, rather than attorney impressions or legal theories. Such lines of questioning are comparable to contention

---

[28] Mtn. p. 2, ECF No. 47.

[29] *See Radian Asset Assur., Inc. v. Coll. of the Christian Bros. of New Mexico*, 273 F.R.D. 689, 691 2011 WL 2429271 (D.N.M. 2011) (noting courts "have split whether to allow parties to use 30(b)(6) depositions to explore facts underlying legal claims and theories" and collecting cases).

[30] *Puskarich BNSF Co. BNSF Co. v. Graham-white Mfg. Co.*, No. 19-CV-150-F, 2022 WL 611276, at *7 (D. Wyo. Feb. 22, 2022))

[31] *See, e.g., Fox v. Amazon.com, Inc.*, No. 3:16-cv-3013, 2017 WL 9476870, at *5 (M.D. Tenn. Sept. 21, 2017) ("[T]he decision to admit or deny the allegations in the complaint is a decision made by counsel at the time the answer was filed. That decision by counsel is privileged."); *In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) (finding that a party's attempt to discover facts supporting a defendant's denials and affirmative defenses through a Rule 30(b)(6) deposition is "overbroad, inefficient, and unreasonable [and] implicates serious privilege concerns").

[32] *Prescott v. Cracker Barrel Old Country Store, Inc.*, No. CIV-18-121-SLP, 2019 WL 11339874, at *4 (W.D. Okla. Feb. 5, 2019).

interrogatories under Rule 33.[33] In similar fashion, within this court, there have been at least two

cases requiring a 30(b)(6) designee to testify as to the factual basis for affirmative defenses.[34]

Contention interrogatories seeking the factual basis of a claim or defense are permissible

under the Rules of Procedure.[35] Following this same line of reasoning, and case law, the court

finds similar questions raised in a deposition are also not per se improper, nor does Rule 30

explicitly prohibit them. Counsel, however, must be careful to avoid question that might elicit

testimony protected by work-product and attorney-client privileges.

### D. Withheld documents

In its order requiring the deposition of Brent Felix, the court was not as concerned about

the need for certain documents at his deposition due to Curiteva's intentions to ask him about his

personal knowledge. A Rule 30(b)(6) deposition differs from Mr. Felix's deposition though

because "the testimony of a Rule 30(b)(6) witness represents the knowledge of the corporation

and testimony under the rule binds the corporation."[36]

In another order the court addressed Innovasis's motions to compel discovery. That

motion was granted in part and the court ordered certain supplements to discovery responses

---

[33] *See, e.g., Dennis v. United States*, No. 3:16-cv-3148-G-BN, 2017 WL 4778708, at *9 (N.D. Tex. Oct. 23, 2017) (explaining that contention interrogatories seeking the factual basis of a denial is not protected work product, and that "[t]he same analysis applies to a Rule 30(b)(6) deposition topic seeking the identification of facts"); *see also Radian*, 273 F.R.D. at 692 (stating that "allow[ing] parties to craft [Rule] 30(b)(6) inquiries ... advances the policy underlying the rules favoring disclosure of information"); *Yerkes v. Weiss*, No. CV 17-2493 (NLH/AMD), 2019 WL 12056384, at *6 n.2 (D.N.J. Sept. 30, 2019) (analyzing propriety of Rule 30(b)(6) questions using standards for Rule 33 contention interrogatories); *Grynberg v. Total S.A.*, No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *7 (D. Colo. May 3, 2006) ("It is proper, of course, to inquire about the material facts supporting specific factual matters raised in the pleadings" in contention interrogatories.)

[34] *Ward v. Nesibo*, No. 4:22-CV-00054-DN-PK, 2023 WL 3391145, at *4 (D. Utah May 11, 2023) (following the emerging trend and allowing a 30(b)(6) witness to testify as to the factual underpinnings of affirmative defense); *iFreedom Direct Corp. v. First Tenn. Bank Nat'l Ass'n*, No. 2:09-cv-205-DN-PMW, 2012 WL 2913248, at *4 (D. Utah July 16, 2012) (allowing the plaintiff to utilize a Rule 30(b)(6) deposition to obtain facts related to the defendant's claims).

[35] Fed. R. Civ. P. 33.

[36] *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 121, 2019 WL 1647803 (E.D. Mich. 2019).

within thirty days. The updated discovery responses are to be produced before the 30(b)(6)

deposition takes place. To that extent, Innovasis's request to delay the 30(b)(6) deposition is

granted.

## ORDER

For the reasons set forth above, the court GRANTS Curiteva's motion to compel the

30(b)(6) deposition. Curiteva's request for expenses is DENIED. The date for the deposition is to

be delayed until the discovery supplement is provided pursuant to the court's order regarding

Innovasis's motions to compel. Innovasis's motion for a protective order is DENIED, although

there may be a delay in the deposition to allow for certain discovery to be produced.

Accordingly, the parties' respective motions are GRANTED in PART and DENIED in PART.

IT IS SO ORDERED.

DATED this 29 July 2024.

_____

Dustin B. Pead
United States Magistrate Judge