THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| INNOVASIS, INC.,<br><br>            Plaintiff,<br>v.<br><br>CURITEVA, INC.,<br><br>            Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-00228 AMA DBP<br><br>District Judge Ann Marie McIff Allen<br><br>Chief Magistrate Judge Dustin B. Pead |

Defendant Curiteva, Inc. moves the court to quash third-party subpoenas and for a protective order.[1] Plaintiff Innovasis, Inc. is seeking certain information from Utah-based companies for which Curiteva provides manufacturing services. This information is allegedly sought to address the primary question that is before the court—whether Curiteva is subject to specific personal jurisdiction in Utah. Previously the court denied Curiteva's Motion to Dismiss without prejudice to allow for jurisdictional discovery. For the reasons set forth herein, the court grants the motion in part.

BACKGROUND

Innovasis is a medical device company that is "engaged in the research, development, manufacturing, and marketing of spinal implant devices and related products nationwide."[2] The medical device market is extremely competitive and one of Plaintiff's competitors is Curiteva. A former employee of Innovasis, who served as its president for a time, left Innovasis to work for

---

[1] ECF No. 39.

[2] Am. Compl. 24 ¶ 9.

Curiteva in late 2019. Innovasis makes a variety of claims associates with this employee who left

and the supposed trade secrets Curiteva gained from this departure.

Curiteva provides manufacturing services for Ortho Development Corporation and

Reliance Medical Systems. Innovasis issued revised subpoenas to these companies seeking the

following:

1. All contracts, agreements, and/or purchase orders relating to spinal products Curiteva manufactured for you since January 1, 2019.

2. All documents relating to any improvements, changes, revisions, modifications, or alterations to the specifications and/or manufacturing process Curiteva uses in manufacturing your spinal products since January 1, 2019.

3. All communications with Curiteva since January 1, 2019 relating to any recommendations, suggestions, input, or other weigh-in from Curiteva, or anyone acting on Curiteva's behalf, regarding improvements, changes, revisions, modifications, or alterations to the specifications and/or manufacturing process Curiteva uses to manufacture your spinal products.[3]

Curiteva asserts it has standing to challenge the subpoenas and under Rules 26 and 45 they

should be quashed.

STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 26 parties may "obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

of the case."[4] Information within the "scope of discovery need not be admissible in evidence to

be discoverable."[5] Although the scope of discovery under the federal rules is broad, parties may

not engage in a "fishing expedition" in an attempt to obtain evidence to support their claims or

---

[3] Op p. 3, ECF No. 44.

[4] Fed. R. Civ. P. 26(b).

[5] *Id.*

defenses.[6] Accordingly, "the court must limit the frequency or extent of discovery … if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."[7] The court may also, for good cause shown, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[8]

Federal Rule of Civil Procedure Rule 45 governs the form and issuance of subpoenas and operates within the confines of Rule 26.[9] In certain circumstances the court must quash or modify a subpoena that *inter alia*: (1) fails to allow a reasonable time to comply; (2) is outside certain geographical limits as set forth in Rule 45(c); (3) requires the disclosure of privileged or other protected matter, if no exception or waiver applies; (4) subjects a person to undue burden or (5) requires the disclosure of a trade secret or other certain sensitive information.[10]

DISCUSSION

I.      Standing

"Generally, a party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena."[11] The subpoenas at issue are directed at Curiteva's

---

[6] *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000).

[7] Fed. R. Civ. P. 26(b)(2)(C).

[8] *Id.* (c)(1).

[9] *See Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995).

[10] Fed. R. Civ. P. 45(d)(3)(A), (d)(3)(B).

[11] *First Am. Title Ins. Co. v. Nw. Title Ins. Agency, LLC*, No. 2:15-CV-00229, 2015 WL 6872333, at *3 (D. Utah Nov. 9, 2015) (quotations and citation omitted); *see also Richards v. Convergys Corp.*, No. 2:05–CV–00790–DAK, 2007 WL 474012 (D. Utah Feb. 6, 2007); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003); *Hertenstein v. Kimberly Home Health Care, Inc.*,189 F.R.D. 620, 635 (D. Kan. 1999) (noting a motion to quash "may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena").

customers and Defendant argues it has standing to contest the subpoenas. Innovasis does not dispute Curiteva's position regarding standing. In considering the record before it, the court finds Curiteva does have standing to challenge the subpoenas because Curiteva has "a privacy interest in their personal financial affairs that gives them standing."[12]

II.       The grounds for challenging the subpoenas

Because a Rule 45 subpoena falls within the scope of discovery under Federal Rule 26, the court can consider whether the subpoena is relevant and proportional to the needs of the case.[13] Curiteva argues the subpoenas seek irrelevant information from its customers as they are not tailored to the jurisdictional question. In contrast, Innovasis alleges the subpoenas "seek information directly related to establishing a nexus between Curiteva's activities purposefully directed towards Utah and Innovasis' claims."[14] Specifically, Innovasis claims whether Curiteva has utilized its trade secret or confidential and proprietary information while providing services to customers in Utah is "directly relevant to Innovasis' claim" of jurisdiction.

---

[12] *Ennis v. Alder Prot. Holdings, LLC*, No. 2:19-CV-512 CW, 2022 WL 4290099, at *2 (D. Utah Sept. 16, 2022); *See, also*, *US Magnesium, LLC v. ATI Titanium LLC*, 2020 WL 12847147, at *4 (D. Utah May 22, 2020) (finding standing to contest subpoenas that seek "personal financial and business documents" that are "highly sensitive"); *Compania de Inversiones Mercantiles S.A. v. Grupo Cementos de Chihuahua, S.A.B. de C.V.*, 2019 WL 8223561, at *3 (D. Colo. Dec. 31, 2019) (finding a privacy interest in financial records confers standing to challenge a third party subpoena).

[13] *See Route App, Inc. v. Heuberger*, No. 2:22-CV-00291-TS-JCB, 2024 WL 309748, at *3 (D. Utah Jan. 26, 2024) ("Although '[i]rrelevance [is] not contained within Rule 45's list of enumerated reasons for quashing a subpoena[,] [i]t is well settled [ ] that the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34.'") (quoting *Stewart v. Mitchell Transp.*, No. 01-2546-JWL, 2002 WL 1558210, at *3 (D. Kan. July 11, 2022)); *Ennis* 2022 WL 4290099, at *3 (applying Rule 26 to Rule 45 subpoena); *US Magnesium*, 2020 WL 12847147, at *5 (applying relevancy considerations to subpoena); *Frappied v. Affinity Gaming Black Hawk, LLC* 2018 WL 1899369 *3 (D. Colorado April 20, 2018) ("a subpoena is bound by the same standards that govern discovery between the parties, and, to be enforceable, a subpoena must seek information that is relevant to a party's claims or defenses and proportional to the needs of the case"); *Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995) (finding Rule 45 subpoenas constitute discovery).

[14] Op. p. 3.

Federal Rule 26 permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[15] Relevancy is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[16]

> When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[17]

Conversely, when relevancy is not apparent on its face, the requesting party has the burden to show the relevancy of the request.[18]

The undersigned finds the first question seeking contracts, agreements, and/or purchase orders relating to spinal products Curiteva manufactured for Ortho Development and Reliance Medical relevant to the jurisdictional question. This information may show sufficient contacts with Utah to establish jurisdiction and Curiteva fails to meet its burden to establish a lack of relevancy. Further, the court is not persuaded that this information falls within Rule 45's prohibition against the disclosure of privileged or other protected matters, or the disclosure of trade secret or other sensitive information. The information is subject to the protective order in this case, so any privacy concerns regarding inappropriate disclosure are minimized. Thus, it is to be produced.

---

[15] Fed. R. Civ. P. 26(b)(1).

[16] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[17] *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, 2018 WL 3620766, at *2 (D. Kan. July 30, 2018).

[18] *See id.*

The other two questions, however, are outside the scope of jurisdictional discovery. They focus on alleged trade secret, confidential, and proprietary information that at this time, does not appear tailored to the jurisdictional question. Their relevancy to the jurisdictional question is not apparent on its face, and Innovasis' arguments do not persuade the court otherwise. Once the jurisdictional question is answered, they may become relevant but that is a question left for another day.

ORDER

Based upon the foregoing, Curiteva's Motion is GRANTED in PART. Question one is to be answered by the third parties. Questions two and three are currently irrelevant and need not be addressed at this time.[19]

IT IS SO ORDERED.

DATED this 9 August 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[19] Given the court's decision regarding relevance, it does not engage in an analysis of questions two and three under Rule 45, considering questions such as whether the subpoenas require the disclosure of privileged or other protected matter.